IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| BILLY TYLER,<br><br>            Plaintiff,<br><br>vs.<br><br>"KIMES", County Judge of Nebraska Douglas County;<br><br>            Defendant. | 8:18CV74<br><br>MEMORANDUM<br>AND ORDER |

      Plaintiff filed his Complaint on January 25, 2018. (Filing No. 1.) He has been given leave to proceed in forma pauperis. (Filing No. 5.) The court now conducts an initial review of Plaintiff's Complaint to determine whether summary dismissal is appropriate under 28 U.S.C. § 1915(e)(2).

## I. SUMMARY OF COMPLAINT

      Plaintiff sues Judge Kimes, a county judge in Douglas County, Nebraska, in her individual and official capacities. Plaintiff alleges Judge Kimes used her position as a county court judge to question an individual named Trilla Cummins when Cummins appeared before Judge Kimes in order to "ascertain private constitutionally protected communications between Plaintiff and Cummins [and] to get subpoena for Cummins issued to appear as witness against Plaintiff in CI166725 . . . on docket of Douglas County Nebraska [D]istrict Court wherein state seeks to prosecute Plaintiff for illegal practice of law." (Filing No. 1 at CM/ECF pp.1–2.) Plaintiff further alleges that Judge Kimes has a policy or practice of interrogating individuals who come before her on a "NrS 29-2412[1]

---

[1] It appears Plaintiff is referring to Neb. Rev. Stat. § 29-2412 which provides for hearings on a person's ability to pay their court-ordered fines or costs upon the person's arrest on a warrant for failure to pay fines or costs.

motion . . . to illegally ascertain if Plaintiff knows such person." (*Id.* at CM/ECF p.2.) Plaintiff claims Judge Kimes' actions violate his rights under the First, Fourth, Fifth, Sixth, Eighth, Thirteenth, and Fourteenth Amendments, as well as the doctrine of separation of powers "as she [is] not to exercise any prosecutorial investigatory acts." (*Id.* at CM/ECF pp.2–3.) Plaintiff seeks $10,000,000.00 in damages as relief.

A search of Nebraska state court records[2] for Case No. CI166725 in the District Court of Douglas County failed to retrieve any cases to which Plaintiff was a party. However, the court's search did uncover a case in the District Court of Douglas County with a similar case number, CI15-6725, in which Plaintiff is named as the defendant in an action by the State to bar him from engaging in the unauthorized practice of law. Based on the similarity in case numbers and to the description given by Plaintiff, the court believes Case No. CI15-6725 is the case to which Plaintiff intended to refer. This case was dismissed by the state district court on March 30, 2018, because the court determined it lacked jurisdiction to enter an injunction to enjoin Plaintiff from the unauthorized practice of law as the Nebraska Supreme Court has exclusive jurisdiction to issue injunctions for the unauthorized practice of law.[3] In reaching its conclusion, the state district court noted that Plaintiff is subject to an existing injunction issued by the Nebraska Supreme Court enjoining him from engaging in the unauthorized practice of law. *See State of Neb. ex rel. Comm'n on Unauthorized Practice of Law v. Tyler*, 811 N.W.2d 678 (Neb. 2012).

---

[2] This court has been afforded online access to the computerized record keeping system, JUSTICE, for the Nebraska state courts.

[3] *State of Nebraska and Comm'n on Unauthorized Practice of Law, ex rel Peterson v. Tyler*, Case No. CI15-6725, District Court of Douglas County, Nebraska (Mar. 30, 2018 Order). The court takes judicial notice of the state court records related to this case in Case No. CI15-6725. *See Stutzka v. McCarville*, 420 F.3d 757, 760 n.2 (8th Cir. 2005) (court may take judicial notice of judicial opinions and public records).

## II. APPLICABLE LEGAL STANDARDS ON INITIAL REVIEW

The court is required to review in forma pauperis complaints to determine whether summary dismissal is appropriate. *See* 28 U.S.C. § 1915(e). The court must dismiss a complaint or any portion of it that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

Pro se plaintiffs must set forth enough factual allegations to "nudge[] their claims across the line from conceivable to plausible," or "their complaint must be dismissed." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 569–70 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.").

"The essential function of a complaint under the Federal Rules of Civil Procedure is to give the opposing party 'fair notice of the nature and basis or grounds for a claim, and a general indication of the type of litigation involved.'" *Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 848 (8th Cir. 2014) (quoting *Hopkins v. Saunders*, 199 F.3d 968, 973 (8th Cir. 1999)). However, "[a] pro se complaint must be liberally construed, and pro se litigants are held to a lesser pleading standard than other parties." *Topchian*, 760 F.3d at 849 (internal quotation marks and citations omitted).

## III. DISCUSSION OF CLAIMS

Plaintiff brings this action under 42 U.S.C. § 1983. "To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). Plaintiff sues Judge Kimes in her official and

3

individual capacity. Thus, the court must consider whether Plaintiff's claims against Judge Kimes are barred by sovereign immunity and judicial immunity.

## A. Sovereign Immunity

The Eleventh Amendment bars claims for damages by private parties against a state. *See, e.g.*, *Egerdahl v. Hibbing Cmty. Coll.*, 72 F.3d 615, 618–19 (8th Cir. 1995); *Dover Elevator Co. v. Arkansas State Univ.*, 64 F.3d 442, 446–47 (8th Cir. 1995). Any award of retroactive monetary relief payable by the state, including for back pay or damages, is proscribed by the Eleventh Amendment absent a waiver of immunity by the state or an override of immunity by Congress. *See, e.g.*, *Dover Elevator Co.*, 64 F.3d at 444; *Nevels v. Hanlon*, 656 F.2d 372, 377–78 (8th Cir. 1981). A state's sovereign immunity extends to public officials sued in their official capacities as "[a] suit against a public employee in his or her official capacity is merely a suit against the public employer." *Johnson v. Outboard Marine Corp.*, 172 F.3d 531, 535 (8th Cir. 1999).

Here, Plaintiff seeks damages from Judge Kimes in her official capacity. As a county court judge within the Nebraska Judicial Branch, Judge Kimes is a state official, and Plaintiff's official-capacity claims are claims against the state. *See Tisdell v. Crow Wing Cty.*, No. CIV. 13-2531 PJS/LIB, 2014 WL 1757929, at *7 (D. Minn. Apr. 30, 2014) (official-capacity claims against state court judge are claims against state). There is nothing in the record before the court showing that the State of Nebraska waived, or that Congress overrode, sovereign immunity in this matter. Thus, Plaintiff's claims against Judge Kimes in her official capacity will be dismissed.

## B. Judicial Immunity

Plaintiff's claims against Judge Kimes in her individual capacity are barred by judicial immunity. A judge is immune from suit, including suits brought under section 1983 to recover for alleged deprivation of civil rights, in all but two narrow

4

sets of circumstances. *Schottel v. Young*, 687 F.3d 370, 373 (8th Cir. 2012). "First, a judge is not immune from liability for nonjudicial actions, i.e., actions not taken in the judge's judicial capacity. Second, a judge is not immune for actions, though judicial in nature, taken in the complete absence of all jurisdiction." *Id.* (internal citations omitted). An act is judicial if "it is one normally performed by a judge and if the complaining party is dealing with the judge in his judicial capacity." *Id.* (internal citations omitted).

Here, Plaintiff alleges Judge Kimes acted beyond her judicial authority when she questioned individuals appearing before her in order to obtain information to be used against Plaintiff in the State's prosecution of him for unauthorized practice of law. Although Plaintiff alleges she acted in violation of his constitutional rights, Plaintiff alleges no facts against Judge Kimes that fall outside the scope of her duties as a member of the Nebraska judiciary. As a Nebraska county court judge, Judge Kimes has an affirmative duty to enforce the prohibition against the practice of law by persons who have not been admitted to the Nebraska bar. Neb. Rev. Stat. § 7-101 ("It is hereby made the duty of the judges of [any court of record of Nebraska] to enforce this prohibition.") Accordingly, Judge Kimes is immune from suit and this matter will be dismissed.

IT IS THEREFORE ORDERED that: Plaintiff's Complaint (filing no. 1) is dismissed without prejudice. The court will enter judgment by a separate document.

Dated this 20th day of June, 2018.

BY THE COURT:

s/ *Richard G. Kopf*
Senior United States District Judge